STATE of Maine

v.

Jeffrey FARLEY.

Supreme Judicial Court of Maine.

Submitted on Briefs June 14, 1989.
Decided July 6, 1989.

Neale T. Adams, Dist. Atty., Caribou, for the State.

Brett D. Baber, Rudman & Winchell, Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

McKUSICK, Chief Justice.

Defendant Jeffrey Farley was convicted after a jury trial in the Superior Court (Aroostook County, *Pierson, J.*) of the crimes of burglary of a dwelling place,

17-A M.R.S.A. § 401(2)(B) (1983), and theft of a firearm, *id.* §§ 353, 362(2)(B), both committed at a residence in Caribou. Farley's sole contention on appeal is that his trial was unfair because Alton Morin, an accomplice who had earlier pleaded guilty to the same crimes, was "pressured to testify" against him by the State. Finding no sign of any impermissible pressure, we affirm the judgments.

As defendant observes on appeal, Morin displayed great reluctance to testify against him, and on the stand professed an almost total lack of memory regarding the day of the burglary. The prosecutor, presenting Morin as a State's witness, refreshed his memory by reading Morin's personally handwritten confession that fully implicated Farley. Only then did Morin grudgingly acknowledge that every statement in the confession was true. Farley argues that the prosecutor's aggressive pursuit of this witness casts a shadow over his trial, supporting an inference that the State employed some impermissible means of coercion on Morin, even though no evidence whatever of any impropriety can be found in the record. There is no reason, however, to hypothesize any improper instrument of hidden coercion when the prosecutor's influence over Morin is fully explained by the State's perfectly proper and open use of Morin's confession.

Farley likens the case at bar to *State v. Fagone,* 462 A.2d 493, 496–97 (Me.1983), in which we held that the defendant was denied a fair trial when his key witness was "driven off the stand" by the trial judge's graphic and repetitive description of the crimes in which he might inculpate himself if he testified and the maximum penalties that might await him. But the case at bar presents a very different situation: Morin was not driven off the stand. Rather he was brought to the stand by the State by use of compulsory process. *See State v. Vickers,* 309 A.2d 324, 327 (Me.1973). It is the witness himself who controlled the content of his testimony. Morin confirmed on both direct examination and cross-examination that he and Farley committed the crimes together. On cross-examination he could not remember having "said anything

to anyone under any circumstances to the contrary." Farley has made no showing that Morin lacked a meaningful opportunity to recant his original handwritten statements, only that he did not in fact recant them.

The entry is:

Judgments affirmed.

All concurring.